## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

DAVID CHARLES SUSSMAN,

       Plaintiff,

v.                              Case No:  2:15-mc-11-FtM-29CM

TREVOR HAMPTON and M.
BOAN,

       Defendants.

_____

### ORDER

Before the Court is Plaintiff's Rule 52(b) Motion to Amend, and Objection to Doc. 2[1] (Doc. 3), which the Court has construed as a Motion for Reconsideration, filed on September 2, 2015.  Plaintiff's requests that this Court reconsider its denial of the Plaintiff's Motion to Quash (Doc. 1).   Doc. 3.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly.  *Carter v. Premier Rest. Mgmt.*, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)).   The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice."  *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 904 (M.D. Fla. 1994).   "A motion for reconsideration should raise new

_____

[1] This Order denied Plaintiff's Motion to Quash as moot.

issues, not merely readdress issues litigated previously." *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).

A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has already determined. *Carter*, 2006 WL 2620302, at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (citing *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cnty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302, at *1.

The Court reviewed Plaintiff's motion and finds that Plaintiff has not set forth any new law or facts to convince the Court to reverse its prior decision.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Rule 52(b) Motion to Amend, and Objection to Doc. 2 (Doc. 3), which the Court has construed as a Motion for Reconsideration **DENIED**.

2.      The Clerk is directed to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 3rd day of September, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Pro Se Party